[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

No. 10-13547
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-01524-RDP

MAXINE FURS, INC.,

Plaintiff - Appellant,

versus

AUTO-OWNERS INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 31, 2011)

Before WILSON, KRAVITCH and BLACK, Circuit Judges.

PER CURIAM:

Maxine Furs (Maxine) is a fur shop, which happens to be next door to an

Indian restaurant. Because Maxine shared air-conditioning ducts with its

neighbor, Maxine's furs soon began to smell like curry. Maxine had the affected

furs cleaned and then made a claim with its insurer, Auto-Owners Insurance

Company (Auto-Owners). Auto-Owners denied coverage based on the absolute-

pollution-exclusion clause in Maxine's policy. Maxine sued Auto-Owners for

breach of contract. The district court concluded that coverage was excluded and

rendered summary judgment for Auto-Owners. Maxine appeals.

I.

We review an order granting summary judgment *de novo*. *Fanin v. U.S.*

*Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009).

Maxine's policy with Auto-Owners excludes from coverage any damage or

loss caused by "discharge, dispersal, seepage, migration, release or escape of

'pollutants.'" The policy defines pollutant as: "any solid, liquid, gaseous or

thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis,

chemicals and waste." The question we must answer is whether curry aroma is a

pollutant.

Under Alabama law,[1] a contract for insurance is governed by the general

rules of contracts. *Certain Underwriters at Lloyd's London v. Kirkland*, 2011 WL

---

[1] Because this is a diversity case, we apply state substantive law, which, in this case, is the law of Alabama. *Employers Mut. Cas. Co. v. Mallard*, 309 F.3d 1305, 1307 (11th Cir. 2002).

29851 at * 3 (Ala., Jan. 7, 2011) (quoting *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So.2d 687, 691–92 (Ala. 2001)).  When a policy is clear and unambiguous, it will be enforced as written.  *Id.*  When the parties disagree on whether the language in a policy is ambiguous, "a court should construe [the] language according to the meaning a person of ordinary intelligence would reasonably give it."  *Id.*  A term in a contract is only ambiguous if it is open to different but reasonable interpretations by people of ordinary intelligence in the context of the policy.  *State Farm Fire & Cas. Co. v. Wonderful Counselor Apostolic Faith Church*, 12 So.3d 662, 665 (Ala. 2008).  And if it is ambiguous, the ambiguity is to be resolved in favor of the insured.  *Kirkland*, 2011 WL 29851 at * 3.  We turn now to the language of the policy to determine whether it is ambiguous.

Although Maxine's policy excludes from coverage damage caused by pollutants, the parties disagree that curry aroma is a pollutant.  Thus, we look to the policy's definition of pollutant to determine whether a person of ordinary intelligence would reasonably conclude that curry aroma is a "solid, liquid, gaseous or thermal irritant or contaminant."

We do not think a person of ordinary intelligence could reasonably conclude that curry aroma is not a contaminant under these circumstances.  A contaminant is

3

something that "soil[s], stain[s], corrupt[s], or infect[s] by contact or association." *Webster's Third New International Dictionary* 491 (1986). Indeed, what happened here is that the curry aroma soiled Maxine's furs. Otherwise, they would not have needed cleaning. We do not think that a reasonable person could conclude otherwise. Accordingly, we conclude that curry aroma is a pollutant under the policy.

Last, Maxine argues that even if the curry aroma is a pollutant, the policy should still cover the damage because the damage was not caused by any of the means specified in the exclusionary clause. We disagree. Although Maxine contends that the aroma wafted, we do not see how that is different than the aroma migrating, seeping, or escaping into Maxine's and contaminating the furs.

Because we conclude that the curry aroma is a pollutant that damaged Maxine's furs in a manner the policy excluded from coverage, we affirm the judgment of the district court.

**AFFIRMED.**